UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DOCKS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 09-1341 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Frank Docks ("Docks") filed this action on July 21, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on December 13 and December 23, 2010. (Dkt. Nos. 23, 24.) On January 29, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On September 28, 2005, Docks filed applications for disability insurance benefits and supplemental security income benefits. Administrative Record ("AR") 94-102. Both applications alleged an onset date of May 1, 2002. *Id.* The applications were denied initially, and upon reconsideration. AR 51-55, 57-61, 79-83. Docks requested a hearing before an Administrative Law Judge ("ALJ"). AR 62. On November 26, 2007, the ALJ conducted a hearing at which Docks, a vocational expert and a medical expert testified. AR 329-53. On January 22, 2008, the ALJ issued a decision denying benefits. AR 36-45. On January 25, 2008, Docks requested that the Appeals Council review the decision denying benefits. AR 71. On May 19, 2008, the Appeals Council remanded the case. AR 72-75. Accordingly, on September 18, 2008, the ALJ conducted a hearing at which Docks, a vocational expert, and a medical expert gave further testimony. AR 356-78. On December 11, 2008, the ALJ issued a decision denying benefits. AR 9-18. On December 17, 2008, Docks requested that the Appeals Council review the decision denying benefits. AR 7. On May 14, 2009, the Appeals Council denied the request for review. AR 4-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In

determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that the period in question for purposes of disability insurance benefits is August 26, 2005 through December 31, 2005, the date last insured. AR 12, 14. For purposes of supplemental security income, the time frame begins on August 26, 2005. AR 12.

Docks had the severe impairment of major depressive disorder. AR 14. Docks had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform simple, repetitive tasks in a non-public setting, with no operating of hazardous machinery and no responsibility for safety operations." AR 15. Docks can perform his past relevant work as a landscaper as actually and generally performed. AR 17.

### C. Compliance with the Appeals Council's Remand Order

Docks argues that the ALJ failed to comply with the terms of the Appeals

Council's May 19, 2008 remand order to properly consider the lay witness statement and Dock's testimony.

Docks' argument that the ALJ failed to comply with the Appeals Council's remand order is misdirected. After the Appeals Council remanded the matter (AR 73-75), the ALJ issued a new hearing decision on December 11, 2008. AR 9-18. The Appeals Council denied the request for review of that decision. AR 4-6. The ALJ's decision became the final decision of the Commissioner subject to judicial review. *See* 42 U.S.C. § 405(g); *Tyler v. Astrue,* 305 Fed. Appx. 331, 332 (9th Cir. 2008) ("The district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand . . . . [F]ederal courts only have jurisdiction to review the final decisions of administrative agencies. When the Appeals Council denied review of the ALJ's second decision, it made that decision final, and declined to find that the ALJ had not complied with its remand instructions.").

Accordingly, the Court's role is to determine whether the ALJ's final decision is supported by substantial evidence (*see Moncada*, 60 F.3d at 523), not whether the ALJ complied with the Appeals Council's remand order.

### D.     Consideration of Lay Witness Testimony

Docks argues that the ALJ failed to give proper consideration to the opinion of his fiancee, Ms. Ornelaz.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

Ornelaz completed a third party Function Report - Adult questionnaire on March 16, 2008. AR 192-99. In discounting Docks' credibility, the ALJ relied

4

upon Ornelaz's report, which contradicted Docks' testimony that he basically does not do anything and does not go on a computer. AR 16, 372-73. According to Ornelaz, Docks does dishes, sometimes helps with meals, does chores, folds clothes and works in the yard. He takes care of his personal affairs except she helps with his hair. Docks goes out one to three times per week and drives a car. He shops with her and she helps him on the computer. He likes to watch their kids play sports and travel to sports events. AR 17, 193-96.

The ALJ described the remainder of Ornelaz's report. AR 17. According to Ornelaz, Docks does not generally go out alone as he is afraid of getting too angry with people and feels lonely. He gets paranoid, jumps to conclusions, gets angry and uncontrollable. He has problems with concentration and does not get along with others. AR 17, 195, 197-98.

The ALJ's residual functional capacity ("RFC") assessment takes into account the limitations described by Ornelaz. The ALJ limited Docks to simple, repetitive tasks in a non-public setting, with no operating of hazardous machinery and no responsibility for safety operations. AR 15. Docks does not identify a specific inconsistency between Ornelaz's report and the ALJ's RFC assessment.[1] JS 3-6. The ALJ did not err.

### E.   Docks' Credibility

Docks claims the ALJ improperly assessed his subjective symptom testimony.

---

[1] The Commissioner states that the ALJ "implicitly rejected" Ornelaz's statements to the extent they were inconsistent with the ALJ's RFC. The Commissioner does not, however, identify what the ALJ purportedly rejected or any specific inconsistency between Ornelaz's report and the ALJ's RFC. JS 4. Given that the ALJ's decision expressly relied upon Ornelaz's report to discount Docks' credibility, and given that neither party has identified a specific inconsistency between the ALJ's RFC and Ornelaz's report, this Court declines to find an "implicit" rejection of Ornelaz's report.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found that Docks' medically determinable impairment could reasonably be expected to cause the alleged symptoms.  AR 16.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted).  In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of

credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13,[2] quotation marks omitted).

The ALJ concluded that Docks' "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 16.  The ALJ discounted Docks' credibility for essentially three reasons: (1) inconsistency with Ornelaz's description of Docks' activities; (2) inconsistency in Docks' statements; and (3) lack of objective medical evidence.  AR 16-17.

In assessing credibility, an ALJ may consider inconsistencies or discrepancies in a claimant's statements, or between a claimant's statements and his activities.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  As discussed above, there were inconsistencies and discrepancies between Docks' testimony and Ornelaz's report.  Further, although Docks testified that he basically does not do anything and did not watch TV, the ALJ noted that the examining psychiatrist reported Docks as saying that he takes care of his personal hygiene without assistance, his outside activities include watching his son's football games, and his activities of daily living include cleaning the house and watching TV.  AR 17, 253-54.

Docks argues that he need not be utterly incapacitated in order to qualify for benefits.  JS 10.  That is true but irrelevant to the question of whether an ALJ may properly rely on inconsistent statements to discount a claimant's credibility.  To the extent Docks argues that the ALJ is obligated to find inconsistencies as to each individual subjective allegation, the argument is rejected.  An ALJ may rely on "ordinary techniques of credibility evaluation."  *Tommasetti v. Astrue*, 533 F.3d

---

[2] Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1    1035, 1040 (9th Cir. 2008). A finding that a claimant generally lacked credibility is
2    sufficient.
3        Lack of objective medical evidence to support subjective pain allegations
4    may be considered but is not sufficient alone to discount a claimant's credibility.
5    *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ did not
6    rely solely on this reason. The ALJ did not err.

### F.   Treating Psychiatrist's Opinion

Docks argues that the ALJ improperly ignored his treating psychiatrist Dr. Kohut's opinion. JS 11-12.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations and quotations omitted). When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following: (1) length of the treatment relationship and frequency of examination;[3] (2) nature and extent of the treatment relationship;[4] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) consistency with record as a whole; and (5) the specialty of the physician providing the opinion. *See id.* at

---

[3] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[4] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

8

631; 20 C.F.R. § 404.1527(d)(1)-(6). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas*, 278 F.3d at 956-57 (citation and quotation marks omitted).

Docks argues that the ALJ failed to consider Dr. Kohut's October 22, 2005 "Short-Form Evaluation For Mental Disorders." AR 201-03. The ALJ expressly addressed Dr. Kohut's January 25, 2007 and April 4, 2008 opinions, and his treatment notes that cover the period August 2003 through April 2008. AR 16, 250, 273-23, 325-26, 364. In his April 4, 2008 letter, Dr. Kohut stated he sees Docks for medication management and that Docks is under the care of a licensed social worker. AR 250; *see also* AR 228. Dr. Kohut diagnosed Docks with major depressive disorder, recurrent; social phobia; obsessive compulsive disorder; rule out bipolar affective disorder, NOS. AR 250. Although the April 4, 2008 letter does not contain an opinion about disability, the Court notes that Dr. Kohut's letter dated March 27, 2006 stated that Docks "is felt to be severely disabled." AR 228.

The ALJ discounted Dr. Kohut's opinions because they were unsupported by the treatment records. AR 16. Docks does not point to any objective or clinical findings supporting Dr. Kohut's opinions. Dr. Kohut's treatment notes cover the period August 2003 through June 2005 and, therefore, precede the relevant time frame of August 26, 2005 through the present. None of his notes discloses the basis for his opinions. AR 310, 312, 318, 319. As the ALJ noted, the remaining treatment notes are those of a nurse practitioner and social worker and similarly do not contain findings that support Dr. Kohut's opinions. *See* AR 320-23. The ALJ may properly discount a treating physician's opinion that is not supported by treatment records. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Thomas*, 278 F.3d at 957 (ALJ need not accept treating physician's opinion that is inadequately supported by clinical findings).

The ALJ also relied upon the opinion of an examining psychiatrist, Dr. Abejuela. AR 17, 251-58. An examining physician's opinion constitutes substantial evidence when, as here, it is based on independent clinical findings. *Orn*, 495 F.3d at 631. Dr. Abejuela stated that "[t]he objective findings in the mental status examination revealed some mild depression and mild anxiety, with mild mood swings." AR 256. Dr. Abejuela found no mental restriction in Docks' daily activities and mild mental difficulties in social functioning. His concentration, persistence and pace were mildly impaired, and there were no episodes of deterioration in work-like situations. AR 257. Docks' ability to understand, carry out and remember simple instructions is not impaired, and his response to the public, co-workers and supervisors is mildly impaired. *Id.* His psychiatric prognosis is fair to good. AR 258. The ALJ also relied upon the opinions of the medical expert and state agency physicians. AR 16-17. Their opinions constitute substantial evidence when, as here, the opinions are consistent with other evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

To the extent the ALJ erred in not expressly addressing Dr. Kohut's October 22, 2005 opinion, any error would be harmless. At a minimum, the October 22, 2005 opinion suffers from the same defects as Dr. Kohut's later opinions, and Docks does not argue otherwise.

### G. Hypothetical

Docks argues that the ALJ's hypothetical to the vocation expert failed to "set out all of the plaintiff's particular limitations and restrictions" as assessed by Dr. Kohut. However, an ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Given that the ALJ properly discounted Dr. Kohut's opinion, it was not error to exclude Dr. Kohut's limitations from the hypothetical.

10

### H. Past Relevant Work

Docks argues that the ALJ's finding that he could perform his past relevant work as a landscaper was inconsistent with his RFC, which precludes operation of hazardous machinery.[5] AR 15.

In finding that Docks was capable of performing his past relevant work as a landscaper, the ALJ relied upon the Vocational Expert's testimony. AR 17. However, the ALJ's hypothetical to the Vocational Expert did not preclude Docks from operation of hazardous machinery and responsibility for safety operations.[6] Moreover, the ALJ's hypothetical limited Docks to moderately complex tasks not to exceed four to five steps, whereas the RFC limited Docks to simple, repetitive tasks. AR 15, 369-70.

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217-18. Because the hypothetical question posed to the vocational expert did not include all of the limitations found by the ALJ, remand is appropriate.

---

[5] The Medical Expert testified to the same limitations. AR 342.

[6] The ALJ asked the vocational expert the following hypothetical: "I want you to consider an individual of 40 to 45 years of age. Assume he has those two past relevant jobs [as a landscaper and trunk driver] with an 11th grade education. And on a mental residual functional capacity form in which the definition of the word moderate is defined . . . there is a slight, there is more than a [s]light limitation in an area but the individual is still able to function satisfactorily. And that moderate would be in areas three, five, and twelve. And all others on the MFRC form are deemed not significantly limited. He has no physical impairments or exertional limitations at all. . . . This person would be restricted to moderately complex tasks not to exceed four to five steps preferably in a non public setting." AR 369-70.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded at step four and, if deemed appropriate, step five of the sequential analysis.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 28, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge